EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Jorge A. Vera Vélez | Queja<br><br>2003 TSPR 169<br><br>160 DPR ____ |

Número del Caso: AB-2001-230


Fecha: 14 de octubre de 2003


Oficina de Inspección de Notarías:

                      Lcda. Carmen H. Carlos
                      Directora

                      Lcdo. Edgardo Ortiz Bauzá
                      Director Interino



Abogados de la Parte Querellada:
                      Lcdo. Felipe Benicio Sánchez
                      Lcdo. Peter Ortiz



 Materia: Conducta Profesional




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Jorge A. Vera Vélez                    AB-2001-230


PER CURIAM

San Juan, Puerto Rico, a 14 de octubre de 2003.

I

El 22 de octubre de 2001, los señores Godofredo Rosado Sánchez y Gloria Esther Santiago (en adelante, "los quejosos") presentaron una queja en contra del Lcdo. Jorge A. Vera Vélez (en adelante, "Lcdo. Vera Vélez" o "el querellado"). A través de ésta, los quejosos manifestaron su insatisfacción con el trámite realizado por el querellado en relación con la Escritura Núm. 29 de Segregación y Compraventa otorgada ante éste el 7 de agosto de 2001.

Alegan los quejosos que cuando le solicitaron la Escritura Núm. 29 al querellado—

a fin de inscribirla en el Registro de la Propiedad— éste les informó que no podía ser inscrita por faltar el plano aprobado por la Administración de Reglamentos y Permisos (en adelante, "ARPE") y la certificación del Centro de Recaudos de Ingresos Municipales (en adelante, "CRIM"). Asimismo, indicaron que éstas advertencias nunca les fueron hechas al momento de otorgar la escritura, como tampoco se les mencionó de la vigencia de la ley que prohíbe la segregación de una finca sin los correspondientes permisos. En consecuencia, adujeron que no han podido inscribir la finca adquirida debido a la negligencia del Lcdo. Vera Vélez.

El querellado contestó la queja mediante escrito de 12 de noviembre de 2001. En su comparecencia, el Lcdo. Vera Vélez expresó que previo al otorgamiento de la escritura en controversia les explicó a los comparecientes cual era el estado legal de la finca (aunque no lo hizo constar en la escritura) y que alegadamente en todo momento los quejosos entendían cual era la condición de la finca adquirida. Asimismo, nos informó que con el fin de aclarar la Escritura Núm. 29, el 9 de noviembre de 2001, otorgó el Acta de Subsanación Núm. 41, y que sometió a ARPE un plano para la segregación solicitada.

El 28 de noviembre de 2001, en cumplimiento con la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A., Ap. XXI, R. 14(d), la Secretaria de este

Tribunal refirió copia del expediente de la queja de epígrafe a la Oficina de Inspección de Notarías (en adelante, "ODIN") para la investigación e informe correspondiente.

Tras estudiar las alegaciones de las partes, la ODIN emitió un Informe el 22 de octubre de 2002. En éste nos señala que los hechos probados evidencian la conformación de un negocio jurídico mal documentado, mal asesorado y pobremente redactado. Además, que era improcedente salvar la responsabilidad profesional aseverando que los compradores conocían de la situación de la finca. También, señaló la ODIN que la conducta del querellado representa una violación al Artículo 15(g) de la Ley Notarial de Puerto Rico, 4 L.P.R.A. 2001 *et seq.*, el cual requiere al notario hacer advertencias específicas en el texto de la escritura, al momento de la autorización, para informar a todos los comparecientes de las consecuencias del negocio jurídico que se lleva a cabo.

Examinada la comparecencia de la ODIN, emitimos una Resolución el 25 de noviembre de 2002, mediante la cual le concedimos al querellado un término de veinte (20) días para que se expresara sobre el susodicho Informe.

Luego de varios trámites procesales, y tras este Tribunal conceder una serie de prórrogas, el querellado compareció ante nos el pasado 14 de julio de 2003. En su escrito, el Lcdo. Vera Vélez reconoce su falla en la

controversia de epígrafe y acepta que lo separemos permanentemente de la notaría. Sin embargo, en atención a su trayectoria personal y la ausencia de mácula de antieticidad alguna en su desempeño profesional, nos implora que no lo separemos de la profesión de abogado. Igualmente, mediante *Moción Complentaria e Informativa*— adjunta a su contestación— el querellado incluyó prueba fehaciente de las transacciones que ha realizado posterior a la escritura impugnada, con miras a mitigar el daño causado.

Nos corresponde resolver, pues, si procede sancionar al Lcdo. Vera Vélez por los hechos aquí relacionados. Veamos.

II

El querellado señaló en su contestación a la queja presentada que, aunque no hizo expresión sobre el trámite legal requerido para toda segregación de terrenos en el texto de la referida Escritura Núm. 29, le comunicó verbalmente a los quejosos sobre el mismo, y aseveró que éstos conocían la condición de la finca adquirida. Es decir, el querellado sugiere que su notificación verbal a los quejosos, y el alegado conocimiento previo de éstos, salva su responsabilidad profesional en el caso de autos. No tiene razón el querellado.

La Ley Notarial de Puerto Rico, *supra*, dispone en su Artículo 15(g) que:

...

> g) *En una escritura de compraventa en la cual se efectúe un negocio jurídico sobre una porción abstracta e indefinida en pro indiviso de un terreno, el notario tendrá que advertirle a los otorgantes los efectos legales de la comunidad de bienes, según lo establecido por las disposiciones del Código Civil de Puerto Rico.* Además, advertirá que no podrá segregar, lotificar, marcar o de algún modo identificar su participación sobre dicho terreno sin el correspondiente permiso de la Junta de Planificación, la Administración de Reglamentos y Permisos o la agencia correspondiente. Que la participación adquirida por el comprador es abstracta e indefinida y que cualquier arreglo, convenio o pacto para segregar, lotificar, marcar o de algún modo identificar será nulo e ineficaz y podría constituir delito, si no existe el correspondiente permiso de las agencias reguladoras. Incluirá también la aceptación del comprador de adquirir en capacidad de comunero, todo lo cual hará constar en el texto de la escritura. 4 L.P.R.A. § 2033(g)(énfasis suplido).

Por tanto, al dejar de advertir expresamente en la Escritura de Compraventa y Segregación las contingencias inherentes a este tipo de transacción,[1] el Lcdo. Vera Vélez violó nuestra Ley Notarial, *supra*, y se expuso a ser disciplinado por esta Curia. Ello así toda vez que el notario, en el despliegue de su función, está obligado a cumplir estrictamente con la Ley Notarial, los Cánones de Ética Profesional y el contrato entre las partes. *Véase In re Rivera Arvelo y Ortiz Velásquez*, 132 D.P.R. 840 (1993).

---

[1] Sobre este particular, *véase Preciosas Vistas v. Registrador de la Propiedad*, 110 D.P.R. 802 (1981), donde señalamos que, de acuerdo al Art. 22 de la Ley Orgánica de ARPE, 23 L.P.R.A. § 71u, no será inscribible una escritura de segregación sin el correspondiente permiso de dicha agencia.

No obstante, en repetidas ocasiones hemos expresado que al determinar la sanción aplicable a un abogado que ha incurrido en conducta impropia, este Tribunal tomará en consideración factores tales como el previo historial del abogado, si se tratare de una primera falta o de una conducta aislada, y si el abogado goza de buena reputación en la comunidad. *In re Rivera Arvelo y Ortiz Velásquez*, *supra*.

Al aplicar esta norma al caso de marras, observamos que esta es la tercera ocasión en que nos vemos precisados a tomar una acción disciplinaria en contra del querellado por su pobre desempeño notarial. En la primera ocasión, *In re Vera Vélez*, 132 D.P.R. 284 (1994), la acción disciplinaria se debió a que el querellado expresó en una escritura de compraventa otorgada por éste que uno de los comparecientes era soltero cuando en realidad era casado. Sin embargo, en vista de que durante los más de 34 años que llevaba ejerciendo la abogacía y la notaría nunca hubo que disciplinarlo, dispusimos del caso mediante censura y apercibimiento.

Mientras que, en la segunda ocasión, *In re Vera Vélez*, 148 D.P.R. 1 (1999), el querellado otorgó una escritura sin hacer constar en ésta: 1) que el comprador había efectuado el pago; 2) que la finca objeto de la escritura tenía un gravamen hipotecario, a pesar de que él mismo realizó el estudio de título correspondiente; 3) que el precio de venta era realmente de $60,000.00 y no

$90,000.00 como se hizo constar en la escritura; y 4) que el precio de $60,000.00 se debía al estado de deterioro en que se encontraba la propiedad. Por tales faltas suspendimos al Lcdo. Vera Vélez por un(1) año del ejercicio de la notaría.

En vista de este desafortunado historial como notario, y en atención de que el mismo querellado se allana a ello en su última comparecencia ante nos, suspendemos indefinidamente al Lcdo. Vera Vélez del ejercicio de la notaría. Dado que su historial en la práctica de la abogacía no nos ilustra alguna instancia de incumplimiento con sus deberes éticos o de desempeño inmeritorio, permitimos al querellado seguir ejerciendo como abogado, apercibiéndolo de que deberá cumplir rigurosamente con las normas que rigen la profesión, so pena de sanciones más severas.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re


   Jorge A. Vera Vélez                    AB-2001-230


SENTENCIA

San Juan, Puerto Rico, a 14 de octubre de 2003.

En vista de lo expuesto en la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, suspendemos indefinidamente al Lcdo. Vera Vélez del ejercicio de la notaría. Dado que su historial en la práctica de la abogacía no nos ilustra alguna instancia de incumplimiento con sus deberes éticos o de desempeño inmeritorio, permitimos al querellado seguir ejerciendo como abogado, apercibiéndolo de que deberá cumplir rigurosamente con las normas que rigen la profesión, so pena de sanciones más severas.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                      Patricia Otón Olivieri
              Secretaria del Tribunal Supremo